UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LEONARD J. PARCHELL, JR., | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:11CV192 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Mr. Parchell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, the Court will order the movant to show cause as to why the Court should not dismiss the instant motion as time-barred.

On February 4, 2007, after movant pled guilty to the charge of knowingly and intentionally distributing five grams or more of cocaine base, the Court sentenced movant to 120 months imprisonment followed by 8 years of supervised release. Movant did not file an appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on or about February 16, 2007, which is ten calculated

days after the judgment was entered. Fed. R. App. Proc. 4(b)(1).[1] As a result, the one-year period of limitations under § 2255 expired more than three years ago, on February 16, 2008.

Movant appears to be asserting that his motion is timely, pursuant to 28 U.S.C. § 2255(f)(3). Thus, he contends that this action was filed within one year of the Supreme Court case of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). Even if movant could persuasively argue (which the Court doubts) that Carachuri-Rosendo established a procedural rule that applies to cases retroactively on collateral review, movant's motion would still be considered untimely. The Supreme Court decided Carachuri-Rosendo on June 14, 2010. As movant did not file the instant action until October 27, 2011, the motion falls outside the statute of limitations even if 28 U.S.C. 2255(f)(3) is applied.

It appears, however, that movant may be arguing that the statutory time period should not start, under 28 U.S.C. § 2255(f)(4), until he "became aware" of the case of Carachuri-Rosendo. The Court notes that movant has not supported his assertions with citations to legal authority. Should movant wish to make this argument in his response brief, he must support it with pertinent caselaw.

---

[1] In 2009 Fed. R. App. Proc. 4(b)(1) was changed to allow for fourteen (14) calendar days in which to file a direct appeal. However, in 2007, the Rule specifically allowed for ten (10) days, excluding weekends and holidays.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to timely respond to this Order will result in the denial of the instant motion and the dismissal of this action.

Dated this 17th day of November, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE