UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEONARD J. PARCHELL, JR., | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:11CV192 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the November 17, 2011 Order to Show Cause. In the Order to Show Cause, movant was directed to respond as to why his motion to vacate, brought pursuant to 28 U.S.C. § 2255, should not be dismissed as untimely. For the following reasons, the Court finds that movant's § 2255 falls outside the statute of limitations and will dismiss the motion as time-barred.

On February 4, 2007, after movant pled guilty to the charge of knowingly and intentionally distributing five grams or more of cocaine base, the Court sentenced movant to 120 months imprisonment followed by 8 years of supervised release. Movant did not file an appeal.

Under 28 U.S.C. § 2255(f), a movant has one year to file a motion to vacate his sentence. An unappealed criminal judgment, like movant's, becomes final when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118

(2nd Cir. 2005).  In this case, the judgment became final on or about February 16, 2007, which is ten calculated days after the judgment was entered.  Fed. R. App. Proc. 4(b)(1).[1]  As a result, the one-year period of limitations under § 2255 expired more than three years ago, on February 16, 2008.

The statute of limitations under § 2255 can be elongated by three other instances, as set forth in § 2255(f).  Movant argues that two of these instances are pertinent to his motion before the Court.  Under 28 U.S.C. 2255(f)(3), the statute of limitations does not begin to run until the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Pursuant to 28 U.S.C. § 2255(f)(4), the statute of limitations does not begin to run until the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In his motion to vacate, as well as his response to show cause, movant appears to be asserting that his motion is timely, pursuant to an application of both § 2255(f)(3) and (4).  Thus, he contends under § 2255(f)(3) that this action was filed within one year of "finding out about" the Supreme Court case of Carachuri-Rosendo v. Holder,

---

[1] In 2009 Fed. R. App. Proc. 4(b)(1) was changed to allow for fourteen (14) calendar days in which to file a direct appeal.  However, in 2007, the Rule specifically allowed for ten (10) days, excluding weekends and holidays.

130 S.Ct. 2577 (2010), which was decided on June 14, 2010.  However, as the Court explained in its Order to Show Cause, because movant did not file the instant action until October 27, 2011, his motion falls outside the statute of limitations even if 28 U.S.C. 2255(f)(3) could be applied.[2]  See Dodd v. U.S., 545 U.S. 353 (2005) (noting that the one year limitations period for newly recognized rights begins to run on the date the Supreme Court initially recognizes the new right).

In an attempt to mold §2255(f)(3) and (f)(4) together, movant attempts to argue that the statutory time period should not start, under 28 U.S.C. § 2255(f)(4), until he "became aware" of the case of Carachuri-Rosendo.  In other words, movant asserts that because he did not learn about the Carachuri-Rosendo decision until he read a news alert issued by a law firm on August 30, 2011, he did not learn of the "factual predicate" relating to the newly recognized right until that date.  However, a change in controlling law does not constitute a "factual predicate" within the meaning of § 2255(f)(4).  See, e.g., E.J.R.E. v. U.S., 453 F.3d 1094 (8th Cir. 2006) (federal court of appeals decision not a qualifying fact under § 2255(f)(4)); Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (state supreme court's decision was not a "fact"

---

[2]That is, even if movant could convince the Court that Carachuri-Rosendo established a procedural rule that applies to cases retroactively on collateral review, movant's motion would still be considered untimely as it was filed more than a year after the Supreme Court's decision.

entitling application of § 2255(f)(4)); Lo v. Endicott, 506 F.3d 572, 575 (7th Cir. 2007) (holding that Wisconsin Supreme Court's clarification of the law does not constitute a "factual predicate" and rejecting a claim of equitable tolling based on the same change in state law). Moreover, although movant may have been diligent in searching for additional legal arguments to support his claims for relief, his perseverance in researching new case law, without more, cannot provide him with an equitable tolling argument sufficient to toll the statute of limitations.

The one-year statute of limitations can be equitably tolled only "under limited circumstances." See Murray v. United States, 313 Fed.Appx. 924, 925 (8th Cir. 2009); see also United States v. Martin, 408 F.3d 1089, 1092 (8th Cir.2005) (equitable tolling applies to § 2255 motions). Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004)

(quotation marks omitted); <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Under these principles, equitable tolling is not warranted in this case because the circumstances described by movant are not extraordinary. Because movant has failed to make an arguable claim that his motion was timely filed or subject to equitable tolling, the Court finds that movant is not entitled to a certificate of appealability. As a result, the motion to vacate will be dismissed as time-barred and no certificate of appealability will issue.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255, will be **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 25th day of January, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE